## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| GREGORY LYNN JOHNSON | CIVIL ACTION NO. 14-3038-P |
| VERSUS | JUDGE FOOTE |
| DARREN COWTHORN , ET AL. | MAGISTRATE JUDGE HORNSBY |

## JUDGMENT

Plaintiff, Gregory Lynn Johnson ("Johnson"), filed suit under 42 U.S.C. § 1983, alleging that Defendants, Darren Cowthorn and Valandor Cowthorn ("Cowthorns"), physically battered and assaulted Johnson. [Record Document 1].  The Magistrate Judge's Report and Recommendation found that Johnson's suit was frivolous under 28 U.S.C. § 1915(e) because (1) the Complaint does not describe a defendant acting under color of state law, a requirement for any § 1983 action, and (2) in the alternative, the claims contained in the Complaint are time-barred.  [Record Document 18].  Johnson timely filed his objections to the Report and Recommendation.   [Record Document 21].   After addressing each of these issues, the Court adopts in part the Report and Recommendation, finding that Johnson's suit, while not frivolous, is time-barred and therefore must be dismissed.

The first issue is whether the Cowthorns can be considered state actors for the purposes of Johnson's § 1983 claims against them.  A plaintiff in a § 1983 civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law.  *See* 42 U.S.C. § 1983 (2012).  The Magistrate Judge concluded

that Johnson failed to make any allegation that either Darren or Valandor Cowthorn were acting under color of law when they allegedly struck him.

In his Objection to the Report and Recommendation, Johnson argues that the Cowthorns were acting under color of state law when the incident occurred because at that time they were licensed bail bonding agents attempting to effect an arrest warrant on Johnson.[1]  The Fifth Circuit recognizes that in certain circumstances, bail bondsmen act under color of state law and are therefore subject to suit under 42 U.S.C. § 1983.  *See Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 204-05 (5th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)).  To qualify as acting under color of state law, the bail bondsman must, at a minimum, be licensed by the state to carry out arrests.  *See id.* at 204.  In addition, the bail bondsman must effect the challenged arrest pursuant to an arrest warrant and with the assistance of law enforcement.  *Id.* at 204-05.  Here, Johnson has alleged that the Cowthorns were licensed bail bondsmen who possessed an arrest warrant for Johnson when they allegedly attacked him.  Record Document 21 at 2.  And though the Complaint lacks detail sufficient to determine whether Johnson's challenged arrest occurred in conjunction with law enforcement, it alleges enough information to withstand dismissal for frivolity.

The second question raised by the Report and Recommendation is whether Johnson's claims are time-barred.  The limitation period for a § 1983 claim is determined

---

[1] *See* Record Document 21 at 2 ("Darren Cowthorn and Valandor Cowthorn are licensed bail bonding agents licensed by the State of Louisiana and … were serving an arrest warrant issued by Caddo Parish for bond forfeiture when [the] violation occurred.").

by reference to the limitation period for general personal injury actions in the forum state. *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985); *see also Gates v. Spinks*, 771 F.2d 916, 919-20 (5th Cir. 1985) (holding that the limitation period for intentional torts, rather than for negligence, should apply to § 1983 actions).  In Louisiana, the prescriptive period for delictual actions is one year.  LA. CIV. CODE ANN. art. 3492 (2015).  Based on the foregoing, the Magistrate Judge concluded that because Johnson filed this suit almost two years after the incidents described in the Complaint occurred, Johnson's § 1983 claims arising out of those incidents were time-barred.[2]

Johnson argues in his Objection to the Report and Recommendation that criminal prosecutions of the Cowthorns stemming from the same incident described in the Complaint tolled the limitation period until the Cowthorn's convictions in late 2013.[3]  As it determines the applicable limitation period, the forum state's law also governs the tolling of the limitation period for a § 1983 claim.  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).  In Louisiana, the general rule for tolling–often referred to as *contra non valentem*–is that prescription tolls, or "suspends," when the plaintiff is "effectually prevented from enforcing his rights for reasons external to his own will."  *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994).  Louisiana courts recognize four scenarios in which a plaintiff is effectively prevented from enforcing his rights: "(1) when courts are legally

---

[2]Record Document 18 at 3 ("Plaintiff claims his civil rights were violated by Defendants on November 2, 2012. . . .  The above entitled and numbered complaint was not signed by Plaintiff until October 9, 2014, and it was not filed by the Clerk of Court until October 14, 2014.").

[3]Record Document 21at 4.

closed; (2) when administrative or contractual constraints delay the plaintiff 's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action." *In re Med. Review Panel Proceeding Vaidyanathan*, 98-0289 (La. App. 4 Cir. 9/23/98), 719 So. 2d 604, 607 (quoting Regina O. Matthews, Gover v. Bridges*: Prescription–Applicability of* Contra Non Valentem *Doctrine to Medical Malpractice Actions*, 61 Tul. L. Rev. 1541, 1542 (1987)).

Relying on *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999), Johnson's theory is that the criminal prosecutions of the Cowthorns fall within the second *contra non valentem* scenario, that is, when administrative or contractual constraints delay the plaintiff's action.   In *Harris*, the plaintiff argued that the second *contra non valentem* scenario applied to his § 1983 action because federal law prevented him from filing suit until he exhausted available administrative remedies. *See id.*  The court agreed, holding that the limitation period for the prisoner's § 1983 claims tolled while the prisoner pursued an administrative remedy because 42 U.S.C. § 1997e(a), which requires prisoners to exhaust administrative remedies before asserting a § 1983 claim, preventing him from enforcing his § 1983 rights. *Id.*

The Court is unconvinced that the limitation period for Johnson's § 1983 claims tolled while the Cowthorn's were prosecuted.   Unlike the administrative proceeding in *Harris*, which during the period of its adjudication prohibited the prisoner from filing suit under § 1983, the Cowthorn's criminal proceedings had no bearing on Johnson's ability to assert his § 1983 claims. *See id.* at 158-59; Record Document 21 at 3-4.  Johnson does

not offer additional legal authority to support his theory of tolling, and the Court has likewise been unable to identify any authority that could support such a claim. Consequently, the limitation period applicable to Johnson's claims did not toll, and his claims expired prior to the institution of this lawsuit.

Therefore, after an independent review of the record, including the Report and Recommendation and the written Objection filed by Plaintiff;

**IT IS ORDERED** that Plaintiff's civil rights Complaint is **DISMISSED WITH PREJUDICE** as it is time-barred.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 21st_ day of October 2015.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE